# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARIA CASTILLO,**

     **Plaintiff,**

**v.**                              **Case No.  8:14-cv-460-T-30TBM**

**THE SCHOOL BOARD OF**
**HILLSBOROUGH COUNTY, FLORIDA,**

     **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Maria Castillo's Motion to Remand (Dkt. 3) and Defendant The School Board of Hillsborough County, Florida's Response in Opposition (Dkt. 9).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## DISCUSSION

Plaintiff Maria Castillo filed the instant action against Defendant The School Board of Hillsborough County, Florida in Hillsborough County Circuit Court, alleging three claims against the School Board: a retaliation claim for engaging in protected activity under Florida's Workers' Compensation Act ("FWCA") and two claims under the Family and Medical Leave Act ("FMLA").

The School Board timely removed the action to this Court alleging the Court's original jurisdiction over the FMLA claims.  Castillo now moves to remand the entire action

under 28 U.S.C. § 1445(c).  Castillo argues that section 1445(c) prohibits the FWCA claim from being removed.[1]  Castillo requests that the Court remand the entire action; in the alternative, she requests that the Court sever and remand the FWCA claim.  The Court grants Castillo's alternative request pursuant to 28 U.S.C. § 1441(c).

Section 1441(c) provides:

> **(1)** If a civil action includes--
>
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** *Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.* Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (emphasis added).

Castillo relies upon an older version of section 1441(c) to argue that the Court has the discretion to remand the entire action.[2]  The revised version of section 1441(c), however, does not allow the Court the discretion to remand the entire action.  Accordingly, the Court

---

[1] 28 U.S.C. § 1445(c) provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

[2] 28 U.S.C. § 1441 was amended on December 7, 2011.  The prior version, cited and relied on by Castillo, provided that when a claim within the meaning of section 1331 is joined with an otherwise non-removable claim, "the entire case may be removed and the district court *may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.*" (emphasis added).

will sever and remand the FWCA claim to the state court.  The Court denies Castillo's request for attorney's fees.

It is therefore ORDERED AND ADJUDGED that:

1.   Plaintiff Maria Castillo's Motion to Remand (Dkt. 3) is granted in part and denied in part as stated herein.

2.   Plaintiff's claim under the Florida's Workers' Compensation Act (Count I of the Complaint) is hereby severed from this action and the Clerk of Court is directed to remand the severed claim to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

3.   This case will proceed as to Plaintiff's remaining claims (Counts II and III of the Complaint).

**DONE** and **ORDERED** in Tampa, Florida on March 20, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-460.remandinpart-work-comp.frm